## BRANDENSTEIN et al. v. HELVETIA SWISS FIRE INS. CO.

(Circuit Court, S. D. New York. January 29, 1908.)

1. COURTS—UNITED STATES COURTS—JURISDICTION—ACTION AGAINST ALIEN—ATTACHMENT.

Where the United States Circuit Court had jurisdiction of a suit by plaintiffs against the R. & M. Co., in which a claim owing to the latter by defendant was attached, and would have had jurisdiction of such a suit by plaintiffs against defendant, the fact that the R. & M. Co. could not have sued the defendant in the United States Circuit Court, because both were aliens, did not deprive such court of the power to attach the debt owing from defendant to the R. & M. Co.; the R. & M. Co. being entitled to sue defendant in the state court.

2. ATTACHMENT—ACTION IN AID OF ATTACHMENT.

Where a debt is attached under the Codes of New York or California, judgment cannot be issued against the debtor attached in the original action, as in case of garnishment; but a new action must be brought against the person attached, to enforce the attachment lien.

3. SAME—JURISDICTION.

Where a debt owing by a nonresident was attached in a suit in California, an action to enforce the attachment lien was not required to be brought in the court out of which the attachment issued, but might be properly brought and prosecuted in any other competent jurisdiction.

Sullivan & Cromwell (Royall Victor, of counsel), for plaintiffs.

Wallace, Butler & Brown (Frederick B. Campbell and Charles M. Turell, of counsel), for defendant.

HOLT, District Judge. This is a demurrer to a complaint. The complaint alleges, in substance, that the plaintiffs are partners, doing business in San Francisco, Cal.; that the defendant is a corporation organized under the laws of Switzerland, doing business in the Northern District of California, having an agent in California and one in New York, duly appointed and authorized to receive personal service of all legal process; that the Rhine & Moselle Fire Insurance Company of Strassburg is a corporation organized under the laws of Germany, also doing business in California, and having an agent there, duly appointed and authorized to receive personal service of process; that in December, 1906, the plaintiffs commenced an action at law in the United States Circuit Court for the Northern District of California against the said Rhine & Moselle Fire Insurance Company to recover $34,500 upon six policies of fire insurance, issued and made payable in California; that an attachment was issued in said action, and duly served upon the defendant, the Helvetia Swiss Fire Insurance Company, and the plaintiffs thereby attached an indebtedness due from the Helvetia Company to the Rhine & Moselle Company of more than $100,000; that thereafter judgment was duly recovered in said action against the Rhine & Moselle Company for $35,523.31, the amount sued for, with interest and costs, which remains unpaid; and that this action is brought to recover said amount from the Helvetia Company because of the lien of said attachment.

One of the claims made in support of the demurrer is that the United States Circuit Court in California had no jurisdiction to issue an attachment against the defendant, because the right to attach or garnish a claim in the hands of a third party depends upon the right of the defendant in the action to sue such third party upon such claim; that a suit could not have been brought in the United States Circuit Court by the Rhine & Moselle Company against the Helvetia Company, because both are aliens, and the United States Circuit Court has no jurisdiction of suits between aliens; and that therefore the original attachment in California was void. There are various expressions in the cases to the effect that an attachment or process of garnishment cannot take place unless the laws of the state in which the attachment is made would authorize a suit by the defendant against the party garnished; but I cannot see that the principle has any application in this case. The Rhine & Moselle Company could have sued the Helvetia Company upon the debt attached, under the laws of California, in the state courts of California. The United States Circuit Court had jurisdiction of a suit by the plaintiffs against the Rhine & Moselle Company, and would have had jurisdiction of such a suit by the plaintiffs against the Helvetia Company. I think that the mere fact that the Rhine & Moselle Company could not sue the Helvetia Company in the United States Circuit Court did not deprive the United States Circuit Court of the power to attach a debt due from the Helvetia Company to the Rhine & Moselle Company. If it could bring such an action in the state courts, the right of attachment, in my opinion, existed.

The other claim made in support of the demurrer is that the action to enforce the lien of an attachment must be brought in the same court in

which the attachment was obtained, and various cases are cited tending to support the position that, in those states where the regular garnishee or trustee process is authorized, that rule obtains. But, as I understand it, there is a substantial difference between the process by attachment, such as is provided for by the Code of New York and by the Code of California, which is substantially adopted from the Code of New York, and the garnishee process, as established in some of the states. By such a process the debtor of the defendant who is garnished is required to answer in the original suit. The question of his liability is tried in the original suit, after the liability of the defendant is determined, and a judgment is entered in the original suit, not only against the defendant, but against the party garnished. But in an action in New York or California, in which an attachment is obtained, under which a debt is attached due from a third party to the defendant, no judgment is entered against the third party. After a judgment is entered against the defendant, a separate suit must be brought to enforce the alleged lien created by the attachment, and in that suit the party whose debt is attached can defend upon any ground of defense that exists. Such a suit, in my opinion, may be brought in any court where the defendant may be found. If this ground of demurrer is sound, any person owing a debt which has been attached can nullify the attachment by moving out of the jurisdiction of the court in which the attachment was obtained. In the case of a true garnishee process, he cannot do that, of course, because the judgment may be entered in the original suit. But as no such judgment can be entered against the third party in the original suit under the laws of New York and California, and a separate action is necessary, I cannot see any reason why such action should be required to be brought in the same court in which the original action was brought.

My conclusion is that the demurrer should be overruled, with leave to answer within 20 days, upon payment of costs.